```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH P. HICKEY and LAUREL ULRICH, *individually and as guardian of two minor children*,

                  Plaintiffs,

-against-

JOSEPH P. SMITH, JOSEPH J. GRILLO, RICHARD F. PASSARELLI, JOSEPH C. PHAIR, BV AT JFK, INC., J. CALDWELL CORPORATION, JJJ&R CORPORATION, VERONICA & JOSEPHINE CORPORATION, C. SMITH CORPORATION, STRATHROY PARK CORPORATION, and R.J.J.J. RESTAURANT CORPORATION,

                  Defendants.

1:23-cv-2538 (MKV)

**OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiffs Joseph P. Hickey and Laurel Ulrich ("Plaintiffs") bring this action to recover alleged fraudulently obtained and transferred ownership interests and withheld income distributions related to several Bobby Van's Restaurants in which Plaintiffs are minority shareholders. Plaintiffs move for leave to file a Second Amended Complaint. For the following reasons, Plaintiffs' motion is GRANTED.

### BACKGROUND AND PROCEDURAL HISTORY

    Plaintiffs commenced this action by filing a Complaint in the United States District Court for the District of Columbia. [ECF No. 1]. Plaintiffs timely filed an Amended Complaint as of right pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. [ECF No. 12]. Defendants Smith, Grillo, and associated Defendant entities moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted, and Rule

12(b)(3), for improper venue, arguing that the contracts from which Plaintiffs' claims arose—a 2017 Stock Purchase Agreement ("2017 SPA") and a 2021 Amended Stock Purchase and Sale Agreement ("2021 ASPA") (together, the "Arbitration Agreements")—contain clauses that mandate the arbitration of Plaintiffs' claims, including as to the issue of arbitrability.[1] [ECF No. 30].  Defendants Passarelli and JJJ&R Corporation filed a motion to dismiss on the same grounds. [ECF No. 31].  Defendant Phair filed an answer, invoking the Arbitration Agreements as an affirmative defense.  [ECF No. 52].

During briefing on the motions to dismiss, Plaintiffs moved for leave to file a Second Amended Complaint.  [ECF No. 33].  The District of Columbia district court (McFadden, *J.*) denied the motion without prejudice for failure to comply with a local rule requiring the moving party to confer with opposing counsel regarding any nondispositive motion.  Plaintiffs did not renew their motion for leave to amend before Judge McFadden.  Plaintiffs also moved for partial summary judgment [ECF No. 53], which Judge McFadden denied without prejudice as premature, and further because the pending Rule 12(b)(3) motions required the court to establish its jurisdiction before adjudicating the case on the merits.  [ECF No. 54].

Judge McFadden held a hearing on the motions to dismiss.  Thereafter, Judge McFadden issued a memorandum opinion holding that "at least some of Hickey's claims must be presented to an arbitrator in New York."  [ECF No. 61 ("Transfer Opinion") 1].  Judge McFadden construed the moving Defendants' motions to dismiss as motions to compel arbitration.  *See id.* at 3. Applying the summary judgment standard applicable to such motions, Judge McFadden found that "Smith has met his burden to show the existence of an agreement to arbitrate" with Hickey.  *Id.* at 5. Although he recognized that Hickey "raise[d] . . . challenges to the arbitration provision's

---

[1] In addition, Smith, Grillo, and several Defendant entities filed a partial answer.  [ECF No. 28].  Smith and Grillo also filed a counterclaim against Hickey.  [ECF No. 29].

applicability," Judge McFadden found that the Arbitration Agreements delegated "gateway" questions of arbitrability to the arbitrator. *Id.* at 5–7. Accordingly, Judge McFadden found that "Smith has a right to compel Hickey to present his claims to an arbitrator." *Id.* at 7.

Notwithstanding these findings, Judge McFadden concluded that he lacked authority to compel arbitration. The Arbitration Agreements contain forum selection clauses that provide for arbitration in New York City, and the FAA specifies that a court may compel arbitration only in its own district. *Id.* at 7–8; *see Citigroup Glob. Markets Inc. v. All Children's Hosp., Inc.*, 5 F. Supp. 3d 537, 542 (S.D.N.Y. 2014) ("[T]he Federal Arbitration Act prevents a district court from compelling arbitration outside of its own district." (citing 9 U.S.C. § 4)). Because of this limitation, Judge McFadden ordered that the case be transferred to the Southern District of New York, reasoning that this District would have "authority under the FAA to enforce the parties' forum-selection clauses and compel arbitration." Transfer Opinion 10–11. In so ordering, however, Judge McFadden recognized that "[s]ome Defendants are not parties to either the 2017 SPA or 2021 ASPA." *Id.* at 10 n.3. Although Judge McFadden noted that the doctrine of equitable estoppel *may* permit non-signatory Defendants to compel arbitration with a signatory, he did "not decide whether that doctrine applies here." *Id.* In addition, Judge McFadden acknowledged that Plaintiff Ulrich, too, is not a party to the Arbitration Agreements. *Id.* Despite these caveats, Judge McFadden transferred the entire case. He reasoned that "[t]ransfer is justified even if only some Defendants could enforce the arbitration clauses," because it would be inefficient to bifurcate and "[o]ne court should resolve all claims." *Id.* (internal quotation marks omitted) (quoting *Edebiri v. N. Highland Co. LLC*, No. 1:20-CV-00758 (TNM), 2020 WL 5411303, at *2 (D.D.C. Sept. 9,

2020)). Thereafter, the case was transferred to the Southern District of New York and assigned to this Court. [ECF Nos. 62– 63].

Following transfer, Plaintiffs again moved for leave to file a Second Amended Complaint. [ECF No. 80]. Plaintiffs filed a memorandum of law in support [ECF No. 80-1 ("Pl. Mem.")]. All Defendants opposed, filing three separate memoranda of law. [ECF Nos. 82 ("Phair Opp."), 83 ("Passarelli Opp."), 84 ("Smith Opp.")]. Plaintiffs filed a reply. [ECF No. 86 ("Pl. Reply")].

## LEGAL STANDARD

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

## DISCUSSION

In seeking leave, Plaintiffs intend to file a Second Amended Complaint that omits several counts, pleads additional counts of mutual mistake, further develops a count with respect to fraudulent inducement, and restructures the complaint's organization and narrative sequence. *See* Pl. Mem. 1–2. All Defendants primarily argue, in substance, that Plaintiffs' motion should be denied because the finding in the Transfer Opinion as to the existence of the Arbitration Agreements, as the law of the case, would render any amendment futile. *See* Phair Opp. 1–2; Passarelli Op. 1–4; Smith Opp. 7–9.

"[M]otions to amend should generally be denied in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Courts have recognized that where the court has determined that an arbitration clause applies to a claim, "the court lacks subject matter jurisdiction over [the] claim and any amendment . . . would be futile." *Oguejiofo v. Open Text*

*Corp.*, No. 09 CIV. 1278 (RWS), 2010 WL 1904022, at *3 (S.D.N.Y. May 10, 2010); *see also Kutluca v. PQ New York Inc.*, 266 F. Supp. 3d 691, 704–05 (S.D.N.Y. 2017) (denying motion to amend as futile where "the claims asserted in the proposed amended complaint, like the claims in the original complaint, are subject to binding arbitration agreements"); *Catz v. Precision Glob. Consulting*, No. 19 CIV. 7499 (ER), 2021 WL 1600097, at *14 (S.D.N.Y. Apr. 23, 2021) (denying leave to amend because plaintiff's "[e]fforts to amend her complaint to alter the statement of facts [to avoid arbitration provision] would be . . . futile"); *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 5549039, at *27 (S.D.N.Y. Sept. 16, 2020) (denying motion for leave to amend as futile after compelling arbitration).

Here, however, Defendants' arguments ignore important limitations of the Transfer Opinion. First, the Transfer Opinion held only that "*at least some* of Hickey's claims must be presented to an arbitrator in New York." Transfer Opinion 1 (emphasis added). Critically, the Transfer Opinion recognized that "[s]ome Defendants are *not* parties to either the 2017 SPA or 2021 ASPA." *Id.* at 10 n.3 (emphasis added). Judge McFadden noted that those Defendants *may* be able to compel arbitration under a theory of equitable estoppel, but expressed no opinion on the applicability of that doctrine. *Id.*; *see also id.* ("Transfer is justified even if only some Defendants could enforce the arbitration clauses."). In addition, as Judge McFadden also acknowledged, Plaintiff Ulrich is not a party to the Arbitration Agreements. *Id.* The Transfer Opinion did not resolve these issues as to the existence of Arbitration Agreements with respect to all parties in the Amended Complaint and, indeed, the proposed Second Amended Complaint. Accordingly, the Court cannot find that amendment would be futile where—even affording the Transfer Opinion all due deference, *see Taboola, Inc. v. Ezoic Inc.*, No. 17 Civ. 9909 (PAE) (KNF), 2021 WL 2041639, at *10 (S.D.N.Y. May 21, 2021); *Oakley Fertilizer Inc. v. Hagrpota for Trading & Distribution, Ltd.*, No. 11 CIV. 7799 PAC, 2012 WL 5844193, at *2–*3 (S.D.N.Y. Nov. 16, 2012),

*aff'd*, 531 F. App'x 131 (2d Cir. 2013)—it is not the law of the case that agreements to arbitrate exist as to *all* parties, including as to several Defendants who now oppose amendment.

Moreover, although Judge McFadden appears to have construed the motions to dismiss as motions to compel arbitration,[2] the Transfer Opinion did not—and, as it held, *could not*—compel the arbitration of Plaintiffs' claims. *See* Transfer Opinion 3, 7–11. Plaintiffs have not initiated arbitration in this District. *See* Passarelli Opp. 2. Nor has any Defendant moved to compel arbitration following the transfer of the case to this Court or, in opposition to Plaintiffs' motion to amend, requested that the Court order the parties to arbitration. Although there may be situations in which it is appropriate for a court to *sua sponte* enforce an arbitration clause, that is not the case "when the issue has not been properly briefed or when neither party has explicitly requested arbitration." *Lefkowitz v. Reissman*, No. 12 CIV. 8703 RA, 2014 WL 925410, at *8 (S.D.N.Y. Mar. 7, 2014) (citations omitted); *see PRL USA Holdings, Inc. v. United States Polo Ass'n, Inc.*, No. 14-CV-764 RJS, 2015 WL 1442487, at *3 n.2 (S.D.N.Y. Mar. 27, 2015) ("[Because] [n]either party seeks to compel arbitration . . . the Court declines to do so *sua sponte*."); *Suchodolski Assocs., Inc. v. Cardell Fin. Corp.*, No. 03 CIV.4148 WHP, 2006 WL 10886, at *4 (S.D.N.Y. Jan. 3, 2006) (declining to compel arbitration where neither party so requested), *aff'd in relevant part*, 261 F. App'x 324 (2d Cir. 2008); *Matter of Arb. Between Standard Tallow Corp. & Kil-Mgmt. A/S*, 901 F. Supp. 147, 151 (S.D.N.Y. 1995) (although expressly finding the existence of agreement to arbitrate, declining to compel arbitration absent any application from the parties); *Amiron Dev.*

---

[2] The Court notes that under Second Circuit precedent, however, "it [is] proper not to construe [a] motion to dismiss as a motion to compel arbitration" where the motion "neither [seeks] an order compelling arbitration nor indicate[s] that [the defendant] w[ill] seek to force [the plaintiff] to arbitrate in the future." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). Defendants' motions expressly requested that Judge McFadden *dismiss* for improper venue, not compel arbitration. [*See* ECF Nos. 30–31].

*Corp. v. Sytner*, No. 12-CV-3036 JS ETB, 2013 WL 1332725, at *3 (E.D.N.Y. Mar. 29, 2013) ("[T]he Court has no authority to *sua sponte* enforce an arbitration provision.").

Accordingly, should Defendants wish to move to compel arbitration, they may do so in response to Plaintiffs' filing of the Second Amended Complaint. This will afford the parties the opportunity to properly brief questions of contract formation, *see* Pl. Reply 3–10, and the applicability of the Arbitration Agreements to non-signatory parties, *see* Transfer Opinion 10 n.3. The Court takes no position as to either issue on the current record. The effect of the Transfer Opinion under the law of the case doctrine is also properly considered at the time of any motion to compel.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file the proposed Second Amended Complaint. The Second Amended Complaint shall be filed within one week of this Order, by March 11, 2024. Defendants' responses to the Second Amended Complaint shall be due by April 8, 2024. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 80.

**SO ORDERED.**

**Date: March 4, 2024**
    **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**